UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MICHAEL JACOBS                                                                                    Plaintiff

v.                                                                          Civil Action No. 3:17-cv-00090-RGJ

FLOORCO ENTERPRISES, LLC                                                                      Defendant

\* \* \* \* \*

# MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Michael Jacobs's ("Jacobs") Motion to Amend Complaint [DE 40] and Jacobs's and Defendant Floorco Enterprises, LLC's ("Floorco") Joint Motion to Hold Summary Judgment in Abeyance. [DE 79]. The parties filed a timely Response, Reply, and the Court permitted a Sur-Reply. [DE 45; DE 48; DE 66]. The matter is now ripe. For the reasons below, the Motion to Amend is GRANTED and the Motion to Hold Summary Judgment is Abeyance is GRANTED in part.

## I.   BACKGROUND

This case is an employment dispute between Jacobs and Floorco, a wholesaler of materials used in hardwood flooring in Bardstown, Kentucky. Jacobs began working as a commission-based independent contractor for Floorco in early 2002. [DE 40-1 at ¶ 6]. In July 2005, the president and sole owner of Floorco, Paul Tu ("Tu"), offered Jacobs the full-time position of Vice President of Sales and Marketing, paying $150,000 per year. [*Id.* at ¶¶ 6-8]. From 2005 through 2008, Jacobs performed his duties, and Floorco paid him the agreed upon $150,000 per year. [*Id.* at ¶ 13]. Jacobs asserts that, around July 16, 2007, Tu transferred all company assets and liabilities into the business now known as Floorco. [*Id.* at ¶ 15]. Jacobs further asserts that Tu reassured

him that their prior employment relationship was still in effect, and Floorco would continue to pay Jacobs for performing the same duties. [*Id.*]. But in late January 2009, Jacobs asserts his paychecks began coming up short. [*Id.* at ¶ 16]. Jacobs asserts Floorco continued to short him intermittently through June 2013, at which time Tu fired Jacobs. [*Id.* at ¶¶ 17, 19]. Other relevant facts are set forth in the Court's previous Memorandum Opinions [DE 17; DE 23].

Eventually, Jacobs sued Floorco for breach of contract and violation of the Kentucky Wage and Hour Act, KRS Chapter 337. Floorco moved to dismiss. The Court, in its prior Memorandum Opinion, dismissed Jacobs's breach of contract claim. [DE 23]. After the Court's ruling, Floorco answered Jacobs's amended complaint on December 7, 2018 [DE 27], and the Court entered a scheduling order on March 7, 2019 [DE 37], setting May 1, 2019 as the deadline for motions to amend pleadings. On April 97, 2019, Jacobs moved to file a Second Amended Complaint. [DE 40]. In the Second Amended Complaint, Jacobs asserts five new claims: promissory estoppel, equitable estoppel, fraud, unjust enrichment, and vicarious liability. [DE 40-1].

## II. STANDARD OF REVIEW

Under Fed. R. Civ. P. 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave." Ordinarily, a court should "freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Foman v. Davis,* 371 U.S. 178, 182 (1962). Whether or not to allow an amended pleading under Rule 15(a) is committed to the Court's discretion. *Tucker v. Middleburg–Legacy Place*, 539 F.3d 545, 551 (6th Cir. 2008). The Sixth Circuit has explained that Rule 15 reflects a "liberal amendment policy." *Brown v. Chapman*, 814 F.3d 436, 442–43 (6th Cir. 2016) (quoting *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002)). "The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of the pleadings." *Tefft v. Seward*, 689 F.2d 637, 639

(6th Cir. 1982). "Thus, so long as the opposing party suffers no prejudice or disadvantage, the court should grant amendments to the complaint." *Stepp v. Alibaba.com, Inc.*, No. 3:16-CV-00389-CRS, 2016 WL 5844097, at *1 (W.D. Ky. Oct. 4, 2016) (citing *Cooper v. Am. Emp. Ins. Co.*, 296 F.2d 303, 306 (6th Cir. 1961)). "[A] motion to amend may be denied where there is undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 520 (6th Cir. 2010) (internal quotations marks, emphasis & citation omitted).

### III.  DISCUSSION

Jacobs's motion to amend was filed only a couple of months after discovery began, before the amendment deadline in the scheduling order, and before the deadline for dispositive motions. Even if Jacobs could have raised some or all of these claims earlier, Jacobs does not present these claims so late as to cause undue delay or undue prejudice. Nor is there any evidence of bad faith. That said, before leave may be granted, the Court must conduct a cursory review of the newly presented allegations and issues and deny leave if allowing an "amendment would be futile." *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

To state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). When considering a motion to dismiss, courts must presume all factual allegations in the complaint to be true and make all reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v.*

*Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citation omitted). "But the district court need not accept a bare assertion of legal conclusions." *Tackett*, 561 F.3d at 488 (citation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "A complaint will be dismissed . . . if no law supports the claims made, if the facts alleged are insufficient to state a claim, or if the face of the complaint presents an insurmountable bar to relief." *Southfield Educ. Ass'n v. Southfield Bd. of Educ.*, 570 F. App'x 485, 487 (6th Cir. 2014) (citing *Twombly*, 550 U.S. at 561–64).

    1. <u>Promissory Estoppel</u>

Jacobs seeks to recover against Floorco under the theory of promissory estoppel. The Kentucky doctrine of promissory estoppel is: "A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only be enforcement of the promise." *Sawyer v. Mills*, 295 S.W.3d 79, 89 (Ky. 2009). To that effect, the required elements to state a claim for promissory estoppel under Kentucky law are: "(1) a promise; (2) which the promisor should reasonably expect to induce action or forbearance on the part of the promisee; (3) which does induce such action or forbearance; and (4) injustice can be avoided only

by enforcement of the promise." *Schlenk*, 2016 WL 6836945, at *3. *See also Bergman v. Baptist Hosp. Sys., Inc.*, 344 F. Supp. 2d 998, 1003 (W.D. Ky. 2004); *McCarthy v. Louisville Cartage Co.*, 796 S.W.2d 10, 11 (Ky. App. 1990).

The Second Amended Complaint sufficiently alleges the elements of promissory estoppel. Jacobs alleges that his paychecks started coming up short in 2009. He alleges that Tu promised Jacobs on multiple occasions that Floorco would eventually pay Jacobs what he was owed once the company came out of financial distress. Jacobs asserts that he relied on these promises, continuing to work for Floorco without full pay from 2009 to 2013. [DE 40-1, ¶¶ 16–17, 19, 48–51]. These allegations are sufficient to state a claim for promissory estoppel at this stage of the proceedings.

2. Equitable Estoppel

Jacobs seeks to recover against Floorco under the theory of equitable estoppel. Under Kentucky law, equitable estoppel "may be invoked by an innocent party who has been fraudulently induced to change their position in reliance on an otherwise unenforceable oral agreement." *Rivermont Inn, Inc. v. Bass Hotels & Resorts, Inc.*, 113 S.W.3d 636, 643 (Ky. App. 2003)(citation omitted). A party asserting equitable estoppel must prove five elements:

> (1) Conduct, including acts, language and silence, amounting to a representation or concealment of material facts; (2) the estopped party is aware of these facts; (3) these facts are unknown to the other party; (4) the estopped party must act with the intention or expectation his conduct will be acted upon; and (5) the other party in fact relied on this conduct to his detriment.

*Santa Escolastica, Inc. v. Pavlovsky,* No. 09-358-KSF, 2011 WL 4948958, at *5 (E.D. Ky. Oct. 18, 2011) (quoting Hinshaw v. Hinshaw, 237 S.W.3d 170, 173 (Ky. 2007)).

Jacobs alleges that Tu and Floorco had no intention of ever repaying Jacobs but made repeated promises to do so designed to keep Jacobs working for Floorco at a reduced rate for as

5

long as possible, and to prevent Jacobs from taking legal action. [DE 40-1, ¶¶ 53–56]. Generally, "[e]quitable estoppel . . . requires a misrepresentation as to a past or existing fact, whereas promissory estoppel addresses representations or promises concerning the future." *Lena Petroleum, Inc. v. Kennedy*, No. 2008-CA-000657-MR, 2009 WL 723044, at *9 (Ky. App. Mar. 20, 2009). Thus, Tu's alleged misrepresentation of a future promise is not enough.

Along with Jacobs's allegations of Tu's promises of future payment, Jacobs points to alleged misstatements of past or present facts in emails from Tu attached to his Second Amended Complaint. Jacobs argues, based on these emails, Tu misrepresented several facts to induce Jacobs to continue to work for Floorco without full pay: a former employee had embezzled money from Floorco, that the business was declining and costs were escalating, and that Tu had directed Floorco to pay Jacobs. [DE 40-2 at 311–45].

Federal Rule of Civil Procedure 10(c) permits the incorporation of "a written instrument that is an exhibit" attached to a pleading and states that it becomes part of that pleading for all purposes. *See also* Exhibits as Part of the Pleadings, 5A Fed. Prac. & Proc. Civ. § 1327 (4th ed.). Thus "[d]ocuments attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007). Yet not all documents are "written instruments" within Rule 10(c). "A 'written instrument' within the meaning of Rule 10(c) is a document evidencing legal rights or duties or giving formal expression to a legal act or agreement, such as a deed, will, bond, lease, insurance policy or security agreement. The documents that satisfy this definition consist largely of documentary evidence, specifically, contracts, notes, and other writings on which a party's action or defense is based." *Steverson v. Walmart*, No. 3:19-CV-00140, 2019 WL 3822179, at *2 (M.D. Tenn. Aug. 15, 2019), citing *Benzon v. Morgan Stanley Distributors, Inc.*, Case No. 3:03-

6

0159, 2004 WL 62747 at *2 (M.D. Tenn. Jan. 8, 2004):*2 and Black's Law Dictionary (11th ed. 2019) (defining "instrument" as "a written legal document that defines rights, duties, entitlements, or liabilities, such as a statute, contract, will, promissory note, or share certificate").

Here, the alleged misrepresentations by Tu in the emails attached to the Second Amended Complaint are writings on which Jacobs's claim for equitable estoppel are based. Taken as true and drawing all reasonable inferences in Jacobs's favor at this stage of the proceedings, these allegations pass the futility standard to state a claim for equitable estoppel.

    3. Fraud

Jacobs also seeks to assert a fraud claim. As described above, the Second Amended Complaint alleges that Tu made false representations to Jacobs with the intention that Jacobs would continue to work for Floorco at a reduced rate while Tu never intended to repay Jacobs. According to Jacobs, Tu never intended to uphold his representations to Jacobs and sought only to benefit from Jacobs's reliance on those misrepresentations. [DE 40-1, ¶¶ 58–59]. As discussed above, Jacobs attached emails to his Second Amended Complaint that contain statements Tu made that Jacobs alleges were misrepresentations to induce him to continue to work for Floorco without full pay. [DE 40-2 at 311–45].

Under Kentucky state law, a plaintiff asserting a cause of action for fraud must prove six elements: (1) a material representation; (2) falsity; (3) knowledge of falsity or recklessness; (4) performed with inducement to be acted on; (5) reliance; and (6) resulting injury. *Sudamax Industria E Comercio De Cigaros, LTDA v. Buttes & Ashes, Inc.,* No. 1:05-CV-60-M, 2006 WL 3627725, at *3 n.2 (W.D. Ky. Dec. 8, 2006) (citation omitted). The heightened pleading standard of Federal Rule of Civil Procedure 9 requires that "in 'all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.'" *Id.* (citation

7

omitted). Thus, plaintiffs must "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Id.* (internal quotation marks and citation omitted).

Jacobs's Second Amended Complaint sufficiently alleges fraud. Jacobs identifies the representations he believes were false, why they were false or misleading, and when they were made. [DE 40-1, ¶¶ 16–17, 19, DE 40-2 at 311–45]. He further identifies injury resulting to him from the alleged fraud. [DE 40-1, ¶ 59]. At this stage of the proceedings and taking Jacobs's allegations as true and all reasonable inferences in his favor, allowing Jacobs to plead fraud would not be futile.

      4. <u>Unjust Enrichment</u>

Jacobs next seeks to recover Floorco's alleged unjust enrichment as the result of the benefit Jacobs conferred upon it. Unjust enrichment is actionable upon implied-in-law contracts. "The claim for unjust enrichment is a legal fiction created to permit recovery where equity says there should be recovery, although there is no recovery in contract." *Holley Performance Prods., Inc. v. Keystone Auto. Operations, Inc.*, No. 1:09-CV-00053-TBR, 2009 WL 3613735, at *5 (W.D. Ky. Oct. 29, 2009) (citing *Perkins v. Daugherty*, 722 S.W.2d 907, 909 (Ky. App. 1987)). For a "[p]laintiff to prevail under unjust enrichment, it must establish three elements: (1) a benefit conferred upon [a] defendant at [the] plaintiff's expense; (2) a resulting appreciation of benefit by [the] defendant; and (3) inequitable retention of benefit without payment for its value." *MidAmerican Distrib. Inc.*, 807 F. Supp. 2d at 680.

A cursory review of the Second Amended Complaint shows Jacobs may be able to prove the elements for this claim. Floorco allegedly agreed to compensate Jacobs for his services at a certain rate. [DE 40, ¶¶ 8, 10]. When Jacobs's paychecks started coming up short, Tu told him

8

that Floorco would pay the difference once it was out of financial distress. [*Id*. at ¶¶ 16–17, 19]. If Floorco failed to perform its promise, Jacobs's services conferred some unaccounted-for benefit on Floorco. As a result, a claim for unjust enrichment does not appear futile at this stage, taking Jacobs's allegations as true and drawing all reasonable inferences in his favor.

     5. Vicarious Liability

Finally, Jacobs asserts vicarious liability against Floorco. Under Kentucky law, "[v]icarious liability, sometimes referred to as the doctrine of *respondeat superior*, is not predicated upon a tortious act of the employer [or principal] but upon the imputation to the employer [or principal] of a tortious act of the employee [or agent.]" *Patterson v. Blair,* 172 S.W.3d 361, 369 (Ky. 2005) (citation omitted). In other words, an employer is vicariously liable for the tortious conduct of its employees if the conduct occurred within the course and scope of employment. *Booker v. FTE.net LLC*, 350 F.3d 515, 518 (6th Cir. 2003). Here, because Jacobs has plead plausible tort claims, the vicarious liability claim, taking all allegations as true and reasonable inferences in Jacobs's favor, is not futile and may proceed at this stage of the litigation. Floorco cites *Aerofund Fin., Inc. v. Sexton Landscape, Inc.,* No. 2:16-cv-13730, 2018 WL 6809185, at *4 (E.D. Mich. September 29, 2018) for the proposition that "vicarious liability i[s] not an independent cause of action." That said, *Aerofund* was based on Michigan law. Floorco cites no authority for the proposition that vicarious liability cannot be a separate claim under Kentucky law and indeed the Court has located none.

## IV.    CONCLUSION

For all these reasons, and being otherwise sufficiently advised, the Court **ORDERS** that Plaintiff's Motion to Amend [40] is **GRANTED** and Plaintiff's Second Amended Complaint [DE 40-1] is deemed filed as the date of the entry of this Order;

**IT IS FURTHER ORDERD** that the Motion to Hold Summary Judgment is Abeyance [DE 79] is **GRANTED in part** as follows:

(1) Defendant's Motion for Summary Judgment [DE 77] is administratively remanded from the Court's docket;

(2) The parties shall confer and submit a revised agreed scheduling order seeking mutually acceptable deadlines for the completion of discovery and filing of dispositive motions within 20 days of the entry of this Order;

(3) Defendant may file a new Motion for Summary Judgment or have its previously administratively remanded Motion for Summary Judgment [DE 77] reinstated on the Court's docket, after Plaintiff has taken Paul Tu's deposition and a transcript of the deposition is available;

(4) If Defendant wishes to have its administratively remanded Motion for Summary Judgment [DE 77] reinstated on the Court's docket, it shall notify the Court at the appropriate time;

(5) The telephonic status conference set for December 9, 2019 before Judge Rebecca Grady Jennings is REMANDED.

Cc: counsel of record